UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FLAGSTAR BANK, FSB,                                              REPORT AND
                          Plaintiff,            RECOMMENDATION
            - against -
CARIBBEAN MORTGAGE CORP., et al.,                                05-CV-2364 (ENV) (JO)
                          Defendants.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

On May 13, 2005, plaintiff Flagstar Bank, FSB ("Flagstar") filed a Complaint asserting a variety of claims against, among others, mortgage broker Caribbean Mortgage Corp. and its principal, Udit Meetoo. *See* Docket Entry ("DE") 1.[1] About a year later, the parties entered into a settlement agreement pursuant to which the court entered a consent judgment against both defendants. *See* DE 16 (the "Agreement"); DE 17. Meetoo now seeks to vacate that judgment. *See* DE 38; Fed. R. Civ. P. 60(b). Upon a referral from the Honorable Eric N. Vitaliano, United States District Judge, and for the reasons set forth below, I now make this report and respectfully recommend that the court deny the motion.

I.     <u>Background</u>

I assume the reader's familiarity with the history of this case, much of which is described in an earlier Memorandum and Order in this case. *See Flagstar Bank, FSB v. Caribbean Mortg. Corp.*, 2007 WL 14549 (E.D.N.Y. Jan. 3, 2007) (DE 35). Briefly stated, as the parties ultimately agreed, Meetoo caused Caribbean to submit residential mortgage loan applications to Flagstar for underwriting that contained material misrepresentations. *See* Agreement ¶¶ 1-2. To resolve the claims arising from that

---

[1] Flagstar named and secured default judgments against other defendants. *See Flagstar Bank, FSB v. Caribbean Mortg. Corp.*, 2009 WL 910835 (E.D.N.Y. Mar. 12, 2009) (report and recommendation), *adopted*, 2009 WL 910829 (E.D.N.Y. Mar. 31, 2009). As a convenient shorthand, I will use "defendants" to refer exclusively to Caribbean and Meetoo and "parties" to refer exclusively to those defendants and Flagstar.

conduct, and at the parties' request, on June 30, 2006, the court entered judgment against Caribbean and Meetoo jointly and severally in the amount of $2,150,925.47. *See* DE 17 at 2. The stipulated judgment further provided that neither defendant would contend that the judgment debt was dischargeable in bankruptcy under 11 U.S.C.§ 523 and that this court would retain jurisdiction to enforce the Agreement. *Id.*

Within a matter of months, the parties began disputing the meaning of their Agreement and the consent judgment, with Caribbean and Meetoo asking for leave to file a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) and asserting that Flagstar's understanding of the terms would render the Agreement unconscionable and therefore unenforceable. *See* DE 20 at 3 (letter dated Oct. 27, 2006); DE 28 at 3 (letter dated Dec. 8, 2006). After discussing the matter with the parties at a conference on December 14, 2006, I set a schedule for the defendants to file and brief their Rule 60(b) motion. *See* DE 29. The defendants did not proceed with the motion, however. Instead, in a letter dated December 19, 2006, they reported that Flagstar's "clarifications" at the conference about its understanding of the Agreement mooted their concerns and that they were therefore abandoning their Rule 60(b) motion. *See* DE 30.[2]

Well over a decade after his first abortive attempt to secure relief under Rule 60(b), Meetoo tried again. In a one-page letter dated October 31, 2018, Meetoo (now proceeding without counsel) asked the court to vacate the judgment against him for three reasons. First, he asserted that he lacked "proper legal counsel" at the time the court entered judgment. Second, he claimed that the

---

[2] "[T]he 'clarifications' to which counsel alluded were merely affirmances by Flagstar's counsel that the Stipulation means what it says and what Flagstar's counsel had been saying it meant all along." *Flagstar Bank, FSB v. Caribbean Mortg. Corp.*, 2007 WL 14549, at *2 (E.D.N.Y. Jan. 3, 2007). Although I agreed that the decision was a wise one because the proposed motion had plainly lacked merit, I nevertheless denied Flagstar's request to compel the defendants to reimburse their post-judgment litigation costs because the Agreement did not allow for such relief. *See id.* at *1-2, *4.

Agreement was between Flagstar and Caribbean, and that judgment "should never have been granted against my personal name[.]" Third, he contended that the judgment is no longer valid in New York because it lapsed after ten years and was never renewed. Meetoo did not elaborate on any of these reasons but added that the judgment "is a hardship" that is preventing him and his family from owning a home and "is having a negative [e]ffect on [his] credit worthiness." DE 38. The court referred the motion to me by order dated November 8, 2018. Meetoo appeared at a conference before me on January 3, 2019, at which I discussed with him his request for relief.

II. Discussion

"Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments…. [I]t should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (cleaned up). Vacatur under Rule 60(b) is an extraordinary remedy that normally requires "a showing of exceptional circumstances." *E. Sav. Bank, FSB v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017) (Vitaliano, J.) (citing cases). Moreover, requests under some provisions of Rule 60(b) must be filed within one year of the entry of judgment, and requests under the remaining provisions must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). Viewed against that applicable law, Meetoo's motion is manifestly both procedurally barred and meritless.

Meetoo's first argument – that he lacked "proper legal counsel" – is either an assertion that his attorney's error resulted in the judgment or that he was deprived of effective counsel. The former theory would fall under Rule 60(b)(1) and would therefore be untimely because it was asserted more than a year after the entry of judgment. Even if viewed as a motion under the residual provision of Rule 60(b)(6), the motion would be untimely because Meetoo has not explained why he

3

waited a dozen years to file it. In any event, Meetoo's asserted lack of proper counsel would fail on the merits under either subsection (1) or (6) of Rule 60(b). *See Nemaizer*, 793 F.2d at 62, 63.

Meetoo's next assertion is that the court should not have entered judgment against him individually. He does not explain either why this is so, and the record clearly belies his claim. Meetoo personally signed the Agreement in his individual capacity, and in doing so endorsed its recitals that he submitted false mortgage documents to Flagstar for approval, causing the latter harm and entitling it to judgment against him. *See* Agreement ¶¶ 2-4. Moreover, as with his first asserted basis for relief, Meetoo does not (and apparently cannot) provide a good reason for having waited well over a decade to seek to vacate the judgment.

Finally, Meetoo's assertion that the judgment is no longer valid under New York law because it expired ten years after entry in the absence of a renewal rests on a legal error. It is of course true that the court may vacate a judgment that "has been satisfied, released, or discharged[,]" Fed. R. Civ. P. 60(b)(5), and it is also true that under New York law, "[a] money judgment is presumed to be paid and satisfied after the expiration of" a certain period of time from "when the party recovering it was first entitled to enforce it." N.Y. C.P.L.R. § 211. However, the applicable period is not ten years, as Meetoo assumes, but "twenty years." *Id.* Further, even if the applicable period were ten years, the judgment would have been presumed satisfied on June 30, 2016 – more than two years before Meetoo filed his motion. Such delay is unreasonable. *See Maisonet v. Conway*, 2011 WL 317833, at *3 n.3 (E.D.N.Y. Jan. 31, 2011) ("Courts in the Second Circuit have found delays exceeding eighteen months to be unreasonable absent mitigating circumstances." (citing cases)).

III. <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court deny defendant Meetoo's motion to vacate the judgment.

IV.     Objections

Any objections to this Report and Recommendation are due by September 11, 2019. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  Brooklyn, New York
        August 28, 2019

                                                    /s/
                                            James Orenstein
                                            U.S. Magistrate Judge