FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 2 0 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
FLAGSTAR BANK, FSB,

                                    Plaintiff,

-against-

CARIBBEAN MORTGAGE CORP., et al,

                                    Defendants.
------------------------------------------------------------------ x

ORDER

5-cv-2364 (ENV) (JO)

VITALIANO, D.J.

Plaintiff Flagstar Bank, FSB ("Flagstar") began this action on May 13, 2005 against, among other defendants, Caribbean Mortgage Corp. ("Caribbean Mortgage") and Udit Meetoo. Dkt. 1. On May 20, 2006, the parties filed a settlement agreement, Dkt. 16, and, on June 30, 2006, a final consent judgment for Flagstar running against Caribbean Mortgage and Meetoo. Dkt. 17. More than twelve years later, on November 6, 2018, Meetoo, who was previously represented by counsel, filed a letter, *pro se*, moving to vacate the consent judgment.[1] Dkt. 38. Meetoo alleges (1) that he did not receive proper counsel at the time the consent judgment was entered; (2) judgment should not have been entered against him, personally; and (3) a judgment in New York is valid only for ten years, absent renewal, and the judgment here has not been renewed. *Id.* Meetoo further contends that the judgment is a hardship on him and his credit score, as well as his family's pursuit of "the American Dream of owning a home." *Id.* Pursuant to Rule 72, on November 8, 2018, the Court referred the motion to Magistrate Judge James Orenstein for a Report & Recommendation. *See* Order Referring Motion, dated Nov. 8, 2018.

On August 28, 2019, Judge Orenstein issued his report, recommending that the motion be

---

[1] Neither Flagstar nor any other party has responded to Meetoo's motion.

1

denied. Dkt. 40 ("R&R"). Judge Orenstein first noted that any ineffective assistance of counsel claim would need to be brought pursuant to Rule 60 and would be untimely. R&R at 3. He also observed that absolutely nothing in the record supports Meetoo's assertion that judgment should not have been entered against him, individually. *Id.* at 4. To the contrary, Meetoo signed the consent judgment in his individual capacity and admitted to submitting false mortgage documents to Flagstar for approval. *Id.* Finally, Judge Orenstein noted that Meetoo's legal assertion about a ten-year limitations period for consent judgments in New York was incorrect; the applicable period is 20 years and, in any event, a ten-year period would have elapsed two years ago, resulting in "unreasonable" delay on Meetoo's part. *Id.* In light of these determinations, Judge Orenstein concluded that Meetoo had offered no valid reason to vacate the consent judgment, which resulted in his recommendation that the motion be denied.

Notice of the time to object to the R&R was given, *id.*, but no party filed any objections within the prescribed period.[2]

## Discussion

Where no party has objected to a magistrate judge's report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

---

[2] The Clerk of Court mailed a copy of the R&R to Meetoo on August 30, 2019.

2

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. Meetoo's motion to vacate the consent judgment is denied.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* defendant.

So Ordered.

Dated: Brooklyn, New York
September 20, 2019

s/Eric N. Vitaliamo, USDJ
ERIC N. VITALIANO
United States District Judge